# EXHIBIT A

# COVER SHEET FOR FILING CIVIL ACTIONS
COMMONWEALTH OF VIRGINIA

Case No. _CL 21-1551_
(CLERK'S OFFICE USE ONLY)

........................ Loudoun County ........................ Circuit Court

Harry Kamin ........................ v./In re: ........................ Valeria Gunkova
PLAINTIFF(S)                                                    DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [x] attorney for [x] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

## GENERAL CIVIL
**Subsequent Actions**
- [ ] Claim Impleading Third Party Defendant
  - [ ] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Counterclaim
  - [ ] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Cross Claim
- [ ] Interpleader
- [ ] Reinstatement (other than divorce or driving privileges)
- [ ] Removal of Case to Federal Court

**Business & Contract**
- [ ] Attachment
- [ ] Confessed Judgment
- [x] Contract Action
- [x] Contract Specific Performance
- [ ] Detinue
- [ ] Garnishment

**Property**
- [ ] Annexation
- [ ] Condemnation
- [ ] Ejectment
- [ ] Encumber/Sell Real Estate
- [ ] Enforce Vendor's Lien
- [ ] Escheatment
- [ ] Establish Boundaries
- [ ] Landlord/Tenant
  - [ ] Unlawful Detainer
- [ ] Mechanics Lien
- [ ] Partition
- [ ] Quiet Title
- [ ] Termination of Mineral Rights

**Tort**
- [ ] Asbestos Litigation
- [ ] Compromise Settlement
- [x] Intentional Tort
- [ ] Medical Malpractice
- [ ] Motor Vehicle Tort
- [ ] Product Liability
- [ ] Wrongful Death
- [ ] Other General Tort Liability

## ADMINISTRATIVE LAW
- [ ] Appeal/Judicial Review of Decision of (select one)
  - [ ] ABC Board
  - [ ] Board of Zoning
  - [ ] Compensation Board
  - [ ] DMV License Suspension
  - [ ] Employee Grievance Decision
  - [ ] Employment Commission
  - [ ] Local Government
  - [ ] Marine Resources Commission
  - [ ] School Board
  - [ ] Voter Registration
  - [ ] Other Administrative Appeal

## DOMESTIC/FAMILY
- [ ] Adoption
  - [ ] Adoption – Foreign
- [ ] Adult Protection
- [ ] Annulment
  - [ ] Annulment – Counterclaim/Responsive Pleading
- [ ] Child Abuse and Neglect – Unfounded Complaint
- [ ] Civil Contempt
- [ ] Divorce (select one)
  - [ ] Complaint – Contested*
  - [ ] Complaint – Uncontested*
  - [ ] Counterclaim/Responsive Pleading
  - [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
- [ ] Separate Maintenance
  - [ ] Separate Maintenance Counterclaim

## WRITS
- [ ] Certiorari
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Prohibition
- [ ] Quo Warranto

## PROBATE/WILLS AND TRUSTS
- [ ] Accounting
- [ ] Aid and Guidance
- [ ] Appointment (select one)
  - [ ] Guardian/Conservator
  - [ ] Standby Guardian/Conservator
  - [ ] Custodian/Successor Custodian (UTMA)
- [ ] Trust (select one)
  - [ ] Impress/Declare/Create
  - [ ] Reformation
- [ ] Will (select one)
  - [ ] Construe
  - [ ] Contested

## MISCELLANEOUS
- [ ] Amend Death Certificate
- [ ] Appointment (select one)
  - [ ] Church Trustee
  - [ ] Conservator of Peace
  - [ ] Marriage Celebrant
- [ ] Approval of Transfer of Structured Settlement
- [ ] Bond Forfeiture Appeal
- [x] Declaratory Judgment
- [ ] Declare Death
- [ ] Driving Privileges (select one)
  - [ ] Reinstatement pursuant to § 46.2-427
  - [ ] Restoration – Habitual Offender or 3rd Offense
- [ ] Expungement
- [ ] Firearms Rights – Restoration
- [ ] Forfeiture of Property or Money
- [ ] Freedom of Information
- [ ] Injunction
- [ ] Interdiction
- [ ] Interrogatory
- [ ] Judgment Lien-Bill to Enforce
- [ ] Law Enforcement/Public Official Petition
- [ ] Name Change
- [ ] Referendum Elections
- [ ] Sever Order
- [ ] Taxes (select one)
  - [ ] Correct Erroneous State/Local
  - [ ] Delinquent
- [ ] Vehicle Confiscation
- [ ] Voting Rights – Restoration
- [ ] Other (please specify)

[x] Damages in the amount of $ 2,529,342.78 ........................ are claimed.

03/08/2021
DATE

[ ] PLAINTIFF   [ ] DEFENDANT   [x] ATTORNEY FOR   [x] PLAINTIFF   [ ] DEFENDANT

Bethany Benes
PRINT NAME

4290 Chain Bridge Road, Suite 302
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

Fairfax, Virginia 22030

bbenes@bethunebenes.com
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

FORM CC-1416 (MASTER) PAGE ONE 07/16

VIRGINIA:

IN THE CIRCUIT COURT OF LOUDOUN COUNTY

HARRY KAMIN,                                    :
Individually and Derivatively on behalf of     :
BNG GROUP LLC                                   :
    Plaintiff,                                  :
                                                :
    v.                                          :      Case No: _CL 21-1551_
                                                :
                                                :
VALERIA GUNKOVA                                 :
    Defendant.                                  :

## COMPLAINT

Harry Kamin, both individually and derivatively on behalf of BNG Group, LLC, by

counsel, hereby files the following Complaint against Defendant Valeria Gunkova, and for his

causes of action, states as follows:

### JURISDICTION AND VENUE

1.      This Court has subject-matter jurisdiction pursuant to Virginia Code § 17.1-513.

2.      This Court has general personal jurisdiction over Defendant Valeria Gunkova

pursuant to Va. Code § 8.01-328.1(A).

3.      Venue of this Court is proper pursuant to Va. Code § 8.01-262 as the matters set

forth herein relate to Defendant's business activity in Loudoun County.

### THE PARTIES

4.      Plaintiff Harry Kamin ("**Mr. Kamin**") is a resident of the state of Florida.

Pursuant to the company's Operating Agreement dated March 20, 2020, Mr. Kamin is a 50%

Class A Member and co-Manager of BNG Group LLC ("**BNG**" and/or the "**Company**"). Mr.

Kamin fairly and adequately represents the interests of the Company in enforcing the rights of the Companies and in seeking to remedy Valeria Gunkova's conduct as set forth below.

5.      Upon information and belief, Defendant Valeria Gunkova ("**Ms. Gunkova**") is a resident of the Commonwealth of Virginia. Pursuant to the Company's Operating Agreement dated March 20, 2020, Ms. Gunkova is the other 50% Class A Member of BNG and co-Manager of BNG. Ms. Gunkova cannot fairly and adequately represent the interests of the Company because it is Ms. Gunkova who has engaged in improper and fraudulent conduct in violation of the Company's Operating Agreement and Virginia law.

## STATEMENT OF FACTS

6.      On or about September 15, 2019, BNG was formed as a limited liability company in the Commonwealth of Virginia, with Ms. Gunkova being the sole member of BNG.

7.      At the time of BNG's formation, BNG rented office space located at 2 Pidgeon Hill Drive, Suite 120, Sterling, Virginia 20165.

8.      In or about February 2020, Ms. Gunkova's alleged husband, Jacob Bogatin ("**Mr. Bogatin**"), appeared at Mr. Kamin's home in Florida on behalf of Ms. Gunkova. Mr. Bogatin indicated that Ms. Gunkova was interested in buying the building located at 2 Pidgeon Hill Drive, Sterling, Virginia 20165 (the "**Property**") and needed Mr. Kamin's financial assistance in doing so. Mr. Bogatin, on behalf of Ms. Gunkova, represented that Mr. Kamin would be made a 50% Class A Member and Manager of BNG if he provided a payment for the purchase of his membership interest. Mr. Kamin indicated that he would consider Ms. Gunkova's proposal.

9.      Mr. Bogatin returned to Mr. Kamin's home on a second day. During the visit, Mr. Bogatin, on behalf of Ms. Gunkova, spent several hours trying to convince Mr. Kamin to go into business with Ms. Gunkova. Mr. Bogatin, on behalf of Ms. Gunkova, repeated Ms.

Gunkova's prior representations that Mr. Kamin would be made a 50% Class A Member and Manager of BNG. Mr. Kamin agreed that he would visit the Property to tour the Property and meet Ms. Gunkova in further consideration of Ms. Gunkova's proposal.

10.     In or around March 2020, Mr. Kamin travelled to Virginia for approximately one week per the parties' prior discussions. Mr. Bogatin picked up Mr. Kamin from the airport and introduced him to Ms. Gunkova. During his visit, Mr. Kamin explored the Property and attempted to speak with Ms. Gunkova about the business. Mr. Kamin was informed that he was to direct all communications to Mr. Bogatin on behalf of Ms. Gunkova.

11.     During Mr. Kamin's visit, Ms. Gunkova and Mr. Kamin agreed to add Mr. Kamin as a 50% Class A Member of BNG. Mr. Kamin issued and endorsed two checks, each in the amount of $25,000.00 on March 9, 2020 for the purchase of his membership interest in BNG.

12.     Since becoming a Member in March 2020, Mr. Kamin requested information about the Company on a weekly basis. Ms. Gunkova failed to fulfill Mr. Kamin's requests and refused to provide Mr. Kamin with information about the Company's business and records.

13.     On or about May 14, 2020, Mr. Kamin again travelled to Virginia. During Mr. Kamin's second visit, Mr. Bogatin, on behalf of Ms. Gunkova, provided Mr. Kamin with a document titled "Limited Liability Company Operating Agreement of BNG Group, LLC" (the "Operating Agreement"). The Operating Agreement contained a retroactive effective date of March 20, 2020 and lists Mr. Kamin and Ms. Gunkova each as a 50% Class A Member and Manager of the Company. Mr. Kamin signed the Operating Agreement while at the Property.

14.     At or around the time of the signing of the Operating Agreement, Mr. Kamin provided an additional two checks, each in the amount of $135,000.00, as a loan to the Company for operating expenses relating to the Company's plan to purchase the Property.

15. In or around the Fall of 2020, BNG submitted an offer to purchase the Property. BNG, through Mr. Kamin and Ms. Gunkova, obtained financing for the Property loan through Atlantic Union Bank. The loan documents submitted and signed by Mr. Kamin and Ms. Gunkova list Mr. Kamin as both a 50% Member and Manager of BNG.

16. On October 30, 2020, Mr. Kamin and Ms. Gunkova closed on the purchase of the Property. BNG purchased the Property for $9,500,000. Mr. Kamin provided the down payment as a loan to the Company.

17. Pursuant to Section 5 of the BNG Operating Agreement, the "Company shall be managed by a Board of Managers". Section 5.1.3. The Board of Managers consisting of two (2) Class A Members (for which Mr. Kamin and Ms. Gunkova are the only Class A Members) shall be elected and be responsible for performing the major functions of the company. *Id.; see also* Section 5.1.3.3. Section 5.1.4 of the Operating Agreement establishes that any action taken on behalf of the Company must be approved by both Class A Members, specifically,

> The Board of Managers shall have full, exclusive and complete discretion, power, and authority…to manage, control, administer and operate the business and affairs of the Company for the purposes herein stated, and to make all decisions affecting such business and affairs, including without limitation, for Company purposes, the power to:…sell, convey, assign, mortgage or lease any real estate and any personal property…Sell, dispose, trade or exchange Company assets…Enter into agreements and contracts…Execute or modify leases with respect to any part or all of the assets of the Company" *see* p. 15, Section 5.1.4 and 5.1.4.2.

18. Section 5.1.5 of the Operating Agreement further establishes that "the Board of Managers shall not undertake any of the following without the approval of at least fifty-one percent (51%) of the Interests of the Members", including but not limited to any sale, lease or other disposition of the Company assets.

19.     Section 5.2.6 of the Operating Agreement establishes that "Except as otherwise provided in this Agreement, wherever the Law or this Agreement requires unanimous consent by the Board of Managers to approve or take any action, that consent shall be given in writing and, in all cases, shall mean the consent of all Managers."

20.     Upon information and belief, Ms. Gunkova has unilaterally hired employees for BNG without the knowledge or consent of Mr. Kamin.

21.     Upon information and belief, Ms. Gunkova has unilaterally entered into lease contracts with third-party tenants of the Property without the knowledge or consent of Mr. Kamin.

22.     Unbeknownst to Mr. Kamin, Ms. Gunkova signed an agreement with a real estate broker to begin listing the Property for marketing and sale in or around January 2021.  Ms. Gunkova did not confer with Mr. Kamin prior to taking actions to list the Property for sale, nor did she obtain his consent to take such action.

23.     Upon information and belief, Ms. Gunkova committed forgery by creating fabricated documents and signing the documents on behalf of Mr. Kamin.  For example, Mr. Kamin learned that at some point after the purchase of the Property, Ms. Gunkova sent a letter to tenants of the Property and signed the letter as:

Harry D Kamin
Director and CEO
BNG Group LLC
harry@bnggroupllc.com

Mr. Kamin had no involvement or knowledge of the letter and did not authorize anyone send out the letter on his behalf.

24.     Upon information and belief, Ms. Gunkova also fabricated an Operating Agreement purportedly signed by Mr. Kamin on February 20, 2020. Mr. Kamin has no knowledge of signing the putative Operating Agreement and a review of the document indicates it has been altered to be give the appearance that it was signed by Mr. Kamin.

25.     Upon information and belief, Ms. Gunkova established and uses an email account known as "harry@bnggroupllc.com" to send and receive emails purportedly on behalf of Mr. Kamin. Mr. Kamin was not aware of any email or user account set up for Mr. Kamin for his BNG business, including but not limited to "harry@bnggroupllc.com". Mr. Kamin has not been provided with the account login and/or password information, although he has requested such information. Accordingly, Mr. Kamin does not have access to the account(s) and is unable to determine what, if any, emails are being sent by the account purportedly on his behalf, or received by the account purportedly on his behalf.

26.     During his membership, Mr. Kamin has provided the Company with loans over the course of time that were requested by Mr. Bogatin on behalf of Ms. Gunkova. To date, Mr. Kamin has provided the Company with funds totaling no less than $2,529,342.78. Upon information and belief, Ms. Gunkova has directed those funds to activities outside of the Company, including for personal use by Ms. Gunkova and for use in Ms. Gunkova's other businesses.

27.     Section 8.2.1 of the Operating Agreement establishes that the "Board of Managers shall keep or cause to be kept complete and accurate books and records of the Company and supporting documentation of the transactions with respect to the conduct of the Company's business."

28.     Section 8.2.2 of the Company's Operating Agreement establishes each Member's right to inspect the books and records of the Company at any time.

29.     Since BNG purchased the Property, Ms. Gunkova has continued to shut Mr. Kamin out of the business of BNG and has refused to provide him with information about the business.

30.     In February 2021, Mr. Kamin requested Ms. Gunkova provide him information related to BNG's bank accounts. Ms. Gunkova refused. Mr. Kamin attempted to receive the information directly from the financial institutions, but was told by such institutions that the accounts only authorized Ms. Gunkova to request and receive such information.

31.     Mr. Kamin requested he be added as an authorized signatory to BNG's operating account at TD Bank. Ms. Gunkova again refused. Ms. Gunkova instead offered to open a *new* account and add Mr. Kamin as an authorized holder on the account.

32.     On February 9, 2021, Mr. Kamin, by counsel, sent Ms. Gunkova a letter objected to the sale of the Property and demanding certain information about the business of BNG. A copy of the letter is attached hereto as **Exhibit A** and incorporated by reference as if fully set forth herein.

33.     To date, all of Mr. Kamin's requests have been rejected by Ms. Gunkova.

34.     Recently, Ms. Gunkova has insisted that Mr. Kamin is not a 50% Class A Member and/or Manager of BNG. Contrary to the Company's Operating Agreement and documents submitted by Ms. Gunkova and Mr. Kamin to the banks in October 2020, Ms. Gunkova now asserts that Mr. Kamin is only a 20% Class A Member and is not entitled to any Company information or management. Ms. Gunkova also directed the Company's taxes for the

year 2020 to be filed indicating that Mr. Kamin holds only a 20% membership interest in the

Company.

## COUNT I: SPECIFIC PERFORMANCE

35.     The allegations contained in Paragraphs 1 through 34 above are incorporated by

reference as if fully set forth herein.

36.     Pursuant to Section 9.3 of the Operating Agreement, Mr. Kamin and Ms.

Gunkova agreed:

> that irreparable injury will result from a breach of any provision of this
> Agreement and that money damages will be inadequate to fully remedy the injury.
> Accordingly, in the event of a breach or threatened breach of one or more of the
> provisions in this Agreement, any party who may be injured (in addition to any
> other remedies which may be available to that party) shall be entitled to one or
> more preliminary or permanent orders (i) restraining and enjoining any act which
> would constitute a breach, or (ii) compelling the performance of any obligation
> which, if not performed, would constitute a breach.

37.     Ms. Gunkova has certain obligations pursuant to the Operating Agreement,

including to provide information to Mr. Kamin at his request.

38.     Ms. Gunkova has breached her obligations pursuant to the Operating Agreement.

39.     Mr. Kamin is entitled to an order of specific performance, compelling Ms.

Gunkova to turn over all books and records of the Company and declaring that Mr. Kamin is a

50% Class A Member and Manager of BNG.

WHEREFORE, Harry Kamin respectfully requests this Court enter an order for specific

performance in favor of Harry Kamin and against Valeria Gunkova, requiring Ms. Gunkova to

turn over all books and records of the Company, including the information requested in the letter

attached hereto as Exhibit A, and declaring Mr. Kamin as a 50% Class A Member and Manager

of BNG, enjoining Ms. Gunkova from making any distribution of the Company's assets or sale of Company property (including the Property as defined above) until this action is resolved and Mr. Kamin's membership interest is confirmed, awarding attorneys' fees in favor of Mr. Kamin pursuant to Va. Code § 13.1-1045, and for other relief this Court deems just and proper.

## COUNT II: DECLARATORY JUDGMENT

40.     The allegations contained in Paragraphs 1 through 39 above are incorporated by reference as if fully set forth herein. Upon the agreement of Mr. Kamin and Ms. Gunkova, Mr. Kamin became a 50% Class A Member and Manager of BNG Group, LLC.

41.     Mr. Kamin is unaware of any amendment to the Operating Agreement or any transfer of membership interest made after he became a Member of BNG Group, LLC in March 2020.

42.     Ms. Gunkova has denied Mr. Kamin's his rights under the Operating Agreement and has insisted that Mr. Kamin is only a 20% Class A Member of the Company. As a result, Ms. Gunkova refuses to give Mr. Kamin access to manage and participate in the Company's business.

43.     This case presents an actual case or controversy and is otherwise appropriate for declaratory judgment pursuant to Va. Code § 8.01-184.

WHEREFORE, Harry Kamin respectfully requests this Court enter judgment in favor of Harry Kamin and against Valeria Gunkova, declaring Mr. Kamin as a 50% Class A Member and Manager of BNG, and for other relief this Court deems just and proper.

## COUNT III: BREACH OF CONTRACT

44. The allegations contained in Paragraphs 1 through 43 above are incorporated by reference as if fully set forth herein.

45. Beginning in or around March 2020, Mr. Kamin and Ms. Gunkova entered into a valid and enforceable agreement to conduct business through BNG, with each party obtaining and holding 50% Class A membership interests.

46. Pursuant to their agreement, Mr. Kamin and Ms. Gunkova each served as a Manager of the Company.

47. Pursuant to the Operating Agreement, Ms. Gunkova has certain obligations, including to provide information to Mr. Kamin at his request. Ms. Gunkova is prohibited from acting without the consent of Mr. Kamin in conducting the business of BNG.

48. Ms. Gunkova has breached the Operating Agreement, including but not limited to unilaterally:

    a) Hiring employees of the Company;

    b) Hiring her husband, Mr. Bogatin, as a consultant of the Company;

    c) Entering into lease contracts on behalf of the Company with third-parties;

    d) Hiring a real estate broker to list and sell the Property;

    e) Forging documents purportedly signed by Mr. Kamin;

    f) Converting Company funds for personal use;

    g) Refusing the provide Mr. Kamin the books and records of the Company upon his request;

    h) Concealing the Company's financial accounts by failing to authorize Mr. Kamin access to the bank accounts; and

i) Directing the Company's tax returns to be filed with erroneous information.

49.     As a result of Ms. Gunkova's breaches, Mr. Kamin has been damaged in an amount no less than $2,529,342.78.

WHEREFORE, Harry Kamin respectfully requests this Court enter judgment in favor of Harry Kamin and against Valeria Gunkova in an amount no less than $2,529,342.78, plus interest at the statutory rate, attorneys' fees pursuant to Va. Code § 13.1-1045, and for any other relief this Court deems just and proper.

## COUNT IV: BREACH OF FIDUCIARY DUTY

50.     The allegations contained in Paragraphs 1 through 49 above are incorporated by reference as if fully set forth herein.

51.     As a Manager of BNG, Ms. Gunkova is vested with special confidence and has fiduciary duties to act in the best interests of the Company. Ms. Gunkova, in her capacity as Manager of the Company, is required to perform her duties in compliance with the terms of the Operating Agreement and with the laws of the Commonwealth of Virginia.

52.     Ms. Gunkova breached her fiduciary duties, including but not limited to forging Company documents, breaching the Company's Operating Agreement, and converting Company funds for her personal or other use.

53.     The actions of Ms. Gunkova were contrary to the terms of the Company's Operating Agreement and were willful, deliberate, and at times, a knowing violation of criminal law (with regards to the forgeries).

54.     As a result of Ms. Gunkova's misconduct, Mr. Kamin has been harmed in an amount no less than $2,529,342.78.

WHEREFORE, Harry Kamin respectfully requests this Court enter judgment in favor of Harry Kamin and against Valeria Gunkova in an amount no less than $2,529,342.78, plus interest at the statutory rate, attorney's fees pursuant to Va. Code § 13.1-1045, and for any other relief this Court deems just and proper.

## COUNT V: FRAUDULENT MISREPRESENTATION

55. The allegations contained in Paragraphs 1 through 54 above are incorporated by reference as if fully set forth herein.

56. Ms. Gunkova, through her agent Jacob Bogatin, made false and material misrepresentations to Mr. Kamin, including that Mr. Kamin would be transferred 50% Class A membership interest in BNG and would be a Manager of BNG, that Ms. Gunkova would be prohibited from acting without the consent of Mr. Kamin with regards to Company business; and that monies obtained from Mr. Kamin to the Company would be used for Company business and expenses.

57. Ms. Gunkova made the aforementioned misrepresentations to induce Mr. Kamin into entering into a business agreement with Ms. Gunkova and into providing large sums of money to Ms. Gunkova (believed by Mr. Kamin to be for the Company).

58. Mr. Kamin relied upon Ms. Gunkova's statements, not knowing them to be false.

59. As a result, Mr. Kamin was defrauded by Ms. Gunkova and has been damaged.

WHEREFORE, Harry Kamin respectfully requests this Court enter judgment in favor of Harry Kamin and against Valeria Gunkova in an amount no less than $2,529,342.78, plus interest at the statutory rate, punitive damages in the amount of $350,000, attorney's fees pursuant to

*Prospect Development Co. v. Bershader*, 258 Va. 75 (1999), and for any other relief this Court deems just and proper.

## COUNT VI: CONVERSION

60. The allegations contained in Paragraphs 1 through 59 above are incorporated by reference as if fully set forth herein.

61. Ms. Gunkova, through her agent Jacob Bogatin, made false and material misrepresentations to Mr. Kamin, including that Mr. Kamin would be transferred 50% Class A membership interest in BNG and would be a Manager of BNG, that Ms. Gunkova would be prohibited from acting without the consent of Mr. Kamin with regards to Company business; and that monies obtained from Mr. Kamin to the Company would be used for Company business and expenses.

62. Mr. Kamin was the rightful holder of no less than $2,529,342.78 prior to Ms. Gunkova's fraudulent inducement of Mr. Kamin to loan those amounts to the Company.

63. Ms. Gunkova wrongfully exercised dominion and control over no less than $2,529,342.78 by using the funds for her personal and other use without the consent of Mr. Kamin.

64. As a result of Ms. Gunkova's conversion of Mr. Kamin's funds, Mr. Kamin has been damaged in an amount no less than $2,529,342.78.

WHEREFORE, Harry Kamin respectfully requests this Court enter judgment in favor of Harry Kamin and against Valeria Gunkova in an amount no less than $2,529,342.78, plus interest at the statutory rate, punitive damages in the amount of $350,000, attorney's fees pursuant to

*Prospect Development Co. v. Bershader*, 258 Va. 75 (1999), and for any other relief this Court deems just and proper.

## COUNT VII: JUDICIAL EXPULSION PURSUANT TO VA. CODE § 13.1-1040.1(5)(a)

65.     The allegations contained in Paragraphs 1 through 64 above are incorporated by reference as if fully set forth herein.

66.     Mr. Kamin is a 50% Class A Member of BNG Group, LLC with standing in BNG Group, LLC to request the judicial expulsion of Ms. Gunkova.

67.     Ms. Gunkova has engaged in wrongful conduct, including but not limited to converting Company funds for her personal or other use and forging Company documents purportedly signed by Mr. Kamin.

68.     Ms. Gunkova's wrongful conduct has adversely and materially affected the business of BNG Group, LLC.

WHEREFORE, Harry Kamin respectfully requests this Court enter judgment in favor of Harry Kamin and against Valeria Gunkova, judicially expelling and dissociating Ms. Gunkova as a Member of BNG Group, LLC pursuant to Va. Code § 13.1-1040.1(5)(a), terminating Ms. Gunkova's rights to participate in the management and affairs of the Company, any other relief this Court deems just and proper.

## COUNT VIII: JUDICIAL EXPULSION PURSUANT TO VA. CODE § 13.1-1040.1(5)(b)

69.     The allegations contained in Paragraphs 1 through 68 above are incorporated by reference as if fully set forth herein.

70.     Mr. Kamin is a 50% Class A Member of BNG Group, LLC with standing in BNG Group, LLC to request the judicial expulsion of Ms. Gunkova.

71.     Ms. Gunkova has committed willful and/or persistent material breaches of the Company's Operating Agreement.

WHEREFORE, Harry Kamin respectfully requests this Court enter judgment in favor of Harry Kamin and against Valeria Gunkova, judicially expelling and dissociating Ms. Gunkova as a Member of BNG Group, LLC pursuant to Va. Code § 13.1-1040.1(5)(b), terminating Ms. Gunkova's rights to participate in the management and affairs of the Company, any other relief this Court deems just and proper.

### COUNT IX: JUDICIAL EXPULSION PURSUANT TO VA. CODE § 13.1-1040.1(c)

72.     The allegations contained in Paragraphs 1 through 71 above are incorporated by reference as if fully set forth herein.

73.     Mr. Kamin is a 50% Class A Member of BNG Group, LLC with standing in BNG Group, LLC to request the judicial expulsion of Ms. Gunkova.

74.     Ms. Gunkova has engaged in conduct that makes it not reasonably practicable to carry on the business of the Company with Ms. Gunkova as a member.

WHEREFORE, Harry Kamin respectfully requests this Court enter judgment in favor of Harry Kamin and against Valeria Gunkova, judicially expelling and dissociating Ms. Gunkova as a Member of BNG Group, LLC pursuant to Va. Code § 13.1-1040.1(5)(c), terminating Ms. Gunkova's rights to participate in the management and affairs of the Company, any other relief this Court deems just and proper.

## COUNT X: (In the Alternative) DISSOLUTION

75.      The allegations contained in Paragraphs 1 through 75 above are incorporated by reference as if fully set forth herein.

76.      Mr. Kamin is a 50% Class A Member of BNG Group, LLC with standing in BNG Group, LLC to request the judicial expulsion of Ms. Gunkova.

77.      The Operating Agreement of BNG Group, LLC requires the approval of both Mr. Kamin and Ms. Gunkova for all purposes of managing and operating the Company's business.

78.      Ms. Gunkova has ignored and refused to recognize all of Mr. Kamin's rights as a Class A 50% Member and Manager of the Company.

79.      Ms. Gunkova and Mr. Kamin have disagreed, and will continue to disagree, on each and every major decision of the Company, including but not limited to distributions, expenses, spending, and obligations, which all require both parties to consent.

80.      As a result, the two 50% Class A Members of the Company are deadlocked.

81.      If Ms. Gunkova is not removed as a member pursuant to Va. Code § 13.1-1040.1(5)(a) and/or (b) and/or (c), it will not be reasonably practicable to carry on the business of the Company in conformity with the Operating Agreement.

WHEREFORE, only if Ms. Gunkova is not removed as a member pursuant to Va. Code § 13.1-1040.1(5)(a) and/or (b) and/or (c), Harry Kamin respectfully requests this Court enter judgment in favor of Harry Kamin and against Valeria Gunkova, judicially dissolving the Company pursuant to Va. Code § 13.1-1047, any other relief this Court deems just and proper.

A TRIAL BY JURY IS DEMANDED.

Respectfully submitted,

HARRY KAMIN,
By Counsel

Bethany R. Benes, VSB No. 85408
BETHUNE BENES, PLLC
4290 Chain Bridge Road, Suite 302
Fairfax, VA 22030
Tel: (703) 260-9322
bbenes@bethunebenes.com
*Counsel for Harry Kamin*



**Bethany Benes**
**Attorney at Law**
(703) 260-9325 Direct
bbenes@bethunebenes.com

February 10, 2021

<u>**VIA MAIL AND EMAIL**</u>
Valeria V. Gunkova
2 Pidgeon Hill Drive, Suite 100
Sterling, Virginia 20165
vgunkova@gmail.com

   *Re: BNG Group, LLC*

Dear Ms. Gunkova:

This firm and undersigned counsel represent Harry Kamin with regard to his ownership interest in BNG Group, LLC (hereinafter referred to as "BNG" and/or the "**Company**"). Please direct all future communications to me on behalf of Mr. Kamin.

First, it has come to Mr. Kamin's attention that the Company's building located at 2 Pidgeon Hill Drive, Suite 100, Sterling, Virginia 20165 has been marketed and listed for sale by the Company. As a Manager and 50% Class A member of the Company, Mr. Kamin hereby demands that all such efforts cease and that no further action be taken without his prior knowledge and written consent. Please immediately confirm that you will comply with this demand and provide written documentation that such action has been taken.

Second, last week, Mr. Kamin requested access to the Company's bank account at TD Bank. It is my understanding that you refused Mr. Kamin's access. As a Manager and 50% Class A Member of the Company, Mr. Kamin has a right to access the account. Please <u>immediately</u> (i) take action with TD Bank to allow Mr. Kamin access to the Company account(s), (ii) add Mr. Kamin as an authorized signatory to the Company account(s); and (iii) supply the Company's online banking login and password information.

Finally, pursuant to Va. Code § 13.1-1028, Mr. Kamin hereby requests that you provide the following documents and information to Mr. Kamin within five (5) days of the date of this letter:



**EXHIBIT**

A

1. All governing documents of the Company for the last three years (2018, 2019, and 2020) to present, including but not limited to the Company's Articles of Organization, Operating Agreement, Amendments, meeting minutes, Notices, and voting records;

2. A current list of the full names and last known addresses for any person serving as an Officer, Director, Manager, President, Secretary, Treasurer, or Board Member for the Company, and all documents and communications related to the election of such persons serving;

3. A current list of the full names and last known addresses of each member of the Company, in alphabetical order;

4. A current list of the full names and last known addresses for each employee, independent contractor, or consultant hired by BNG and for which BNG has compensated, including the total amount paid to each such person or entity;

5. All financial records of the Company, including but not limited to a full accounting of the Companies' assets and expenses, profit and loss statements, balance sheets, accounts receivable ledgers, accounts payable ledgers, loan documents, capital contributions, and distributions;

6. All documents related to bank accounts held, whether individually or jointly, in the name of BNG, including but not limited to bank statements, ATM receipts, withdrawal receipts, deposit slips, checks, and wire transfers;

7. All tax records for the Company for the last three years (2018, 2019, and 2020), including but not limited to K-1s, 1099s, and tax returns;

8. All documents and communications related to the business of the Company, including an identification of the Company's business for the last three years to present;

9. All documents and communications related to any improvement made or anticipated to be made to the Company's building located at 2 Pidgeon Hill Drive, Suite 100, Sterling, Virginia 20165;

10. All documents and communications purportedly signed by Harry Kamin related to BNG;

11. All contracts entered into or anticipated to be entered into on behalf of BNG or relating to BNG;

12. All documents and communications related to the listing and marketing of the Company's building located at 2 Pidgeon Hill Drive, Suite 100, Sterling, Virginia 20165;

13. The website to access, as well as login and password information, for the email address known as harry@bnggrouplic.com;

14. All communications and documents received by or sent by the email address known as harry@bnggroupllc.com; and
15. A current list of all email addresses created by you or any Company agent for Harry Kamin;

Please note that if this information is not supplied as requested in this letter, Mr. Kamin will be forced to take legal action to protect his interests, including but not limited to injunctive relief pursuant to Va. Code § 8.01-622, dissociation pursuant to Va. Code § 13.1-1040.1, and/or dissolution pursuant to Va. Code § 13.1-1046. Should legal action be required, Mr. Kamin will seek costs and attorney's fees. Mr. Kamin reserves all rights.

If you should have any questions or want to discuss this matter further, please do not hesitate to contact me. I look forward to receiving the information requested above and working with you in this matter.

Sincerely,

Bethany Benes