68. Mr. Kamin is entitled to an order of specific performance, compelling Ms. Gunkova to turn over all books and records of the Company and declaring that Mr. Kamin is a 50% Class A Member and Manager of BNG.

WHEREFORE, Harry Kamin respectfully requests this Court enter an order for specific performance in favor of Harry Kamin and against Valeria Gunkova, requiring Ms. Gunkova to turn over all books and records of the Company, and declaring Mr. Kamin as a 50% Class A Member and Manager of BNG, enjoining Ms. Gunkova from making any distribution of the Company's assets or sale of Company property (including the Building as defined above) until this action is resolved and Mr. Kamin's membership interest is confirmed, awarding attorneys' fees in favor of Mr. Kamin pursuant to Va. Code § 13.1-1045, and for other relief this Court deems just and proper.

**<u>COUNT II: DECLARATORY JUDGMENT</u>**
**(on behalf of Mr. Kamin against Defendant Gunkova only)**

69. The allegations contained in Paragraphs 1 through 60 above are incorporated by reference as if fully set forth herein. Upon the agreement of Mr. Kamin and Ms. Gunkova, Mr. Kamin became a 50% Class A Member and Manager of BNG Group, LLC.

70. Mr. Kamin is unaware of any amendment to the Operating Agreement or any transfer of membership interest made after he became a Member of BNG Group, LLC in March 2020.

71. Ms. Gunkova has denied Mr. Kamin's his rights under the Operating Agreement and has insisted that Mr. Kamin is only a 20% Class A Member of the Company. As a result, Ms. Gunkova refuses to give Mr. Kamin access to manage and participate in the Company's business.

72. This case presents an actual case or controversy and is otherwise appropriate for declaratory judgment pursuant to Va. Code § 8.01-184.

WHEREFORE, Harry Kamin respectfully requests this Court enter judgment in favor of Harry Kamin and against Valeria Gunkova, declaring Mr. Kamin as a 50% Class A Member and Manager of BNG, and for other relief this Court deems just and proper.

**COUNT III: BREACH OF CONTRACT**
**(on behalf of Mr. Kamin against Defendant Gunkova only)**

73. The allegations contained in Paragraphs 1 through 72 above are incorporated by reference as if fully set forth herein.

74. Beginning in or around March 2020, Mr. Kamin and Ms. Gunkova entered into a valid and enforceable agreement to conduct business through BNG, with each party obtaining and holding 50% Class A membership interests.

75. Pursuant to their agreement, Mr. Kamin and Ms. Gunkova each served as a Manager of the Company.

76. Pursuant to their agreement, Ms. Gunkova has certain obligations, including to provide information to Mr. Kamin at his request. Ms. Gunkova is prohibited from acting without the consent of Mr. Kamin in conducting the business of BNG.

77. Ms. Gunkova has breached the agreement, including but not limited to unilaterally:

a) Hiring employees of the Company;

b) Hiring her husband, Mr. Bogatin, as a consultant of the Company;

c) Entering into lease contracts on behalf of the Company with third-parties;

d) Hiring a real estate broker to list and sell the Building;

e) Forging documents purportedly signed by Mr. Kamin;

f) Converting Company funds for personal use;

g) Refusing the provide Mr. Kamin the books and records of the Company upon his request;

h) Concealing the Company's financial accounts by failing to authorize Mr. Kamin access to the bank accounts;

i) Directing the Company's tax returns to be filed with erroneous information; and

j) Disregarding Mr. Kami's rights as a Member of BNG Group LLC.

78. As a result of Ms. Gunkova's breaches, Mr. Kamin has been damaged in an amount no less than $2,216,342.78.

WHEREFORE, Harry Kamin respectfully requests this Court enter judgment in favor of Harry Kamin and against Valeria Gunkova in an amount no less than $2,216,342.78, plus interest at the statutory rate, and for any other relief this Court deems just and proper.

**COUNT IV: BREACH OF FIDUCIARY DUTY**
**(Derivatively on behalf of BNG against Defendant Gunkova only)**

79. The allegations contained in Paragraphs 1 through 78 above are incorporated by reference as if fully set forth herein.

80. As a Manager of BNG, Ms. Gunkova is vested with special confidence and has fiduciary duties to act in the best interests of the Company. Ms. Gunkova, in her capacity as Manager of the Company, is required to perform her duties in compliance with the terms of the Operating Agreement and with the laws of the Commonwealth of Virginia.

81. Ms. Gunkova's breaches of her fiduciary duties to BNG include but are not limited to the following:

a) forging Company documents,

b) signing, under certification, and submitting documents containing false information to the Small Business Administration and numerous financial institutions to obtain financing for BNG;

c) breaching the Company's Operating Agreement, even over the express objections of Mr. Kamin,

d) converting Company funds for her personal or other use;

e) engaging in self-dealing to benefit herself and ARIA, including converting BNG's assets, including large sums of money, to ARIA without Mr. Kamin's knowledge and over his express objection to any such transfer;

f) by failing to enforce in favor of BNG and against ARIA alleged loan agreements between BNG and ARIA, including collection of alleged loan payments due by ARIA to BNG under the alleged agreements;

g) failing to enforce the lease agreements of BNG and ARIA, including failing to collect full and timely rent from ARIA, to benefit herself and ARIA;

h) using and co-mingling BNG funds to pay ARIA expenses, including payroll expenses of ARIA and personal expenses of Ms. Gunkova and Mr. Bogatin;

i) taking distributions from BNG without similarly making a proportionate distribution to Mr. Kamin as the other 50% member of BNG and even reducing Mr. Kamin's capital account to reflect a distribution to Mr. Kamin that never happened; and

j) filing improper and false tax records, including co-mingling assets and liabilities of BNG with other entities, including those of ARIA.

82. The actions of Ms. Gunkova were contrary to the terms of the Company's Operating Agreement and were willful, deliberate, and at times, a knowing violation of criminal law (with regards to the forgeries).

83. As a result of Ms. Gunkova's misconduct, BNG has been harmed in an amount no less than $2,366,342.78.

WHEREFORE, BNG respectfully requests this Court enter judgment in favor of BNG Group LLC, and against Valeria Gunkova in an amount no less than $2,366,342.78 plus interest at the statutory rate, attorney's fees pursuant to Va. Code § 13.1-1045, and for any other relief this Court deems just and proper.

**COUNT V: FRAUDULENT INDUCEMENT**
**(on behalf of Mr. Kamin against Defendants Gunkova and Bogatin only)**

84. The allegations contained in Paragraphs 1 through 83 above are incorporated by reference as if fully set forth herein.

85. Ms. Gunkova and Mr. Bogatin made false and material misrepresentations to Mr. Kamin, including that Mr. Kamin would be transferred 50% Class A membership interest in BNG and would be a Manager of BNG, that Ms. Gunkova would be prohibited from acting without the consent of Mr. Kamin with regards to Company business; and that monies obtained from Mr. Kamin to the Company would be used for Company business and expenses.

86. Ms. Gunkova and Mr. Bogatin made further false representations to Mr. Kamin regarding the Florida Deal with the intent to induce Mr. Kamin to provide $500,000.00.

87. Ms. Gunkova and Mr. Bogatin made the aforementioned misrepresentations to induce Mr. Kamin into entering into a business agreement with Ms. Gunkova and into providing large sums of money to Ms. Gunkova (believed by Mr. Kamin to be for the Company).

88. Ms. Gunkova never intended to fulfill her promises, and instead made the representations to obtain Mr. Kamin's money. Mr. Bogatin knew that Ms. Gunkova never intended to fulfill her promises and assisted Ms. Gunkova by making the representations to further their scheme.

89. Mr. Kamin relied upon the statements of Ms. Gunkova and Mr. Bogatin, not knowing them to be false, and entered into the parties' agreements based on Ms. Gunkova's representations.

90. As a result, Mr. Kamin was defrauded by Ms. Gunkova and Mr. Bogatin, and has been damaged.

WHEREFORE, Harry Kamin respectfully requests this Court enter judgment in favor of Harry Kamin and against Valeria Gunkova and Jacob Bogatin, jointly and severally, in an amount no less than $2,273,842.78., plus interest at the statutory rate, punitive damages in the amount of $350,000, attorney's fees pursuant to *Prospect Development Co. v. Bershader*, 258 Va. 75 (1999), and for any other relief this Court deems just and proper.

**<u>COUNT VI: CONVERSION</u>**
**(Derivatively on behalf of BNG against**
**Defendants Ms. Gunkova, Mr. Bogatin, ARIA, VNJ, and Sterling Investment)**

91. The allegations contained in Paragraphs 1 through 90 above are incorporated by reference as if fully set forth herein.

92. Ms. Gunkova and Mr. Bogatin made false and material misrepresentations to Mr. Kamin, including that Mr. Kamin would be transferred 50% Class A membership interest in BNG and would be a Manager of BNG, that Ms. Gunkova would be prohibited from acting without the consent of Mr. Kamin with regards to Company business; and that monies obtained from Mr. Kamin to the Company would be used for Company business and expenses.

93. Mr. Kamin was the rightful holder of no less than $2,066,342.78 prior to Ms. Gunkova's and Mr. Bogatin's fraudulent inducement of Mr. Kamin to loan those amounts to the Company, at which time Mr. Kamin transferred the funds to the Company with the expectation of return.

94. Ms. Gunkova wrongfully exercised dominion and control over no less than $2,066,342.78 of the funds loaned by Mr. Kamin to BNG and the contributions made by Mr. Kamin to BNG totaling $150,000.00 by using the funds for her personal and other use without the consent of Mr. Kamin.

95. Ms. Gunkova has also wrongfully exercised dominion and control over other BNG funds belonging to BNG, including rent payments made by tenants and through the use of credit cards paid by BNG, by using the funds for her personal and other use without the consent of Mr. Kamin.

96. Ms. Gunkova wrongfully exercised dominion and control over BNG's funds and assets by then directing them to be transferred to ARIA, Mr. Bogatin, VNJ, and Sterling Investment without Mr. Kamin's knowledge or consent. Specifically, Ms. Gunkova directed the amounts to be wrongfully transferred as follows:

a) $310,158.00 to Defendant Ms. Gunkova personally;

b) $896,594.00 to Defendant ARIA;

c) $5,000.00 to Defendant Mr. Bogatin;

d) $25,000.00 to Defendant VNJ; and

e) $60,000.00to Defendant Sterling Investment.

97. Defendants ARIA, VNJ, and Sterling Investment were each under the control and/or operation of Mr. Bogatin and/or Ms. Gunkova at the time the money was wrongfully

converted from BNG. As a result, ARIA, VNJ, and Sterling Investment were each aware that the money rightfully belonged to BNG and received the funds anyway.

98. Ms. Gunkova's improper actions also include the use of the converted funds to pay for her personal litigation expenses and attorneys in this case.

99. As a result of Ms. Gunkova's conversion of the funds, BNG has been damaged in an amount no less than $2,216,342.78.

WHEREFORE, BNG respectfully requests this Court enter judgment in favor of BNG Group, LLC and against Valeria Gunkova in an amount no less than $2,216,342.78, plus interest at the statutory rate, punitive damages in the amount of $350,000, attorney's fees pursuant to *Prospect Development Co. v. Bershader*, 258 Va. 75 (1999), and for any other relief this Court deems just and proper.

**COUNT VII: JUDICIAL EXPULSION PURSUANT TO VA. CODE § 13.1-1040.1(5)(a)**
**(on behalf of Mr. Kamin against Defendant Gunkova only)**

100. The allegations contained in Paragraphs 1 through 99 above are incorporated by reference as if fully set forth herein.

101. Mr. Kamin is a 50% Class A Member of BNG Group, LLC with standing in BNG Group, LLC to request the judicial expulsion of Ms. Gunkova.

102. Ms. Gunkova has engaged in wrongful conduct, including but not limited to:

a) converting Company funds for her personal or other use;

b) forging Company and financial documents purportedly signed by Mr. Kamin;

c) filing false tax records;

d) using Mr. Kamin's identity, including personal identifiers and financial information, without his knowledge or consent; and

e) submitting false information to financial institutions and the Small Business Administration.

103. Ms. Gunkova's wrongful conduct has adversely and materially affected the business of BNG Group, LLC.

WHEREFORE, Harry Kamin respectfully requests this Court enter judgment in favor of Harry Kamin and against Valeria Gunkova, judicially expelling and dissociating Ms. Gunkova as a Member of BNG Group, LLC pursuant to Va. Code § 13.1-1040.1(5)(a), terminating Ms. Gunkova's rights to participate in the management and affairs of the Company, any other relief this Court deems just and proper.

**COUNT VIII: JUDICIAL EXPULSION PURSUANT TO VA. CODE § 13.1-1040.1(5)(b)**
**(on behalf of Mr. Kamin against Defendant Gunkova only)**

104. The allegations contained in Paragraphs 1 through 103 above are incorporated by reference as if fully set forth herein.

105. Mr. Kamin is a 50% Class A Member of BNG Group, LLC with standing in BNG Group, LLC to request the judicial expulsion of Ms. Gunkova.

106. Ms. Gunkova has committed willful and/or persistent material breaches of the Company's Operating Agreement, including but not limited to:

a) Unilaterally hiring employees of the Company;

b) Unilaterally hiring her husband, Mr. Bogatin, as a consultant of the Company;

c) Entering into lease contracts on behalf of the Company with third-parties without Mr. Kamin's knowledge or consent;

d) Unilaterally hiring a real estate broker to list and sell the Building;

e) Forging documents purportedly signed by Mr. Kamin;

f) Converting Company funds for personal use;

g) Refusing to provide Mr. Kamin the books and records of the Company upon his request;

h) Concealing the Company's financial accounts by failing to authorize Mr. Kamin access to the bank accounts;

i) Directing the Company's tax returns to be filed with erroneous and false information; and

j) Disregarding Mr. Kami's rights as a Member of BNG Group LLC.

WHEREFORE, Harry Kamin respectfully requests this Court enter judgment in favor of Harry Kamin and against Valeria Gunkova, judicially expelling and dissociating Ms. Gunkova as a Member of BNG Group, LLC pursuant to Va. Code § 13.1-1040.1(5)(b), terminating Ms. Gunkova's rights to participate in the management and affairs of the Company, and any other relief this Court deems just and proper.

**COUNT IX: JUDICIAL EXPULSION PURSUANT TO VA. CODE § 13.1-1040.1(5)(c)**
**(on behalf of Mr. Kamin against Defendant Gunkova only)**

107. The allegations contained in Paragraphs 1 through 106 are incorporated by reference as if fully set forth herein.

108. Mr. Kamin is a 50% Class A Member of BNG Group, LLC with standing in BNG Group, LLC to request the judicial expulsion of Ms. Gunkova.

109. Ms. Gunkova has engaged in conduct that makes it not reasonably practicable to carry on the business of the Company with Ms. Gunkova as a member, including but not limited to the actions set forth in Paragraphs 90 and 94 above, which are incorporated herein by reference.

WHEREFORE, Harry Kamin respectfully requests this Court enter judgment in favor of Harry Kamin and against Valeria Gunkova, judicially expelling and dissociating Ms. Gunkova as a Member of BNG Group, LLC pursuant to Va. Code § 13.1-1040.1(5)(c), terminating Ms. Gunkova's rights to participate in the management and affairs of the Company, and any other relief this Court deems just and proper.

**COUNT X: DISSOLUTION (in the alternative to Counts VII, VIII, and IX above)**
**(on behalf of Mr. Kamin against Defendant Gunkova only)**

110. The allegations contained in Paragraphs 1 through 109 above are incorporated by reference as if fully set forth herein.

111. Mr. Kamin is a 50% Class A Member of BNG Group, LLC with standing in BNG Group, LLC to request the judicial dissolution of BNG.

112. The Operating Agreement of BNG Group, LLC requires the approval of both Mr. Kamin and Ms. Gunkova for all purposes of managing and operating the Company's business.

113. Ms. Gunkova has ignored and refused to recognize all of Mr. Kamin's rights as a Class A 50% Member and Manager of the Company.

114. Ms. Gunkova and Mr. Kamin have disagreed, and will continue to disagree, on each and every major decision of the Company, including but not limited to distributions, expenses, spending, and obligations, which all require both parties to consent.

115. As a result, the two 50% Class A Members of the Company are deadlocked.

116. If Ms. Gunkova is not removed as a member pursuant to Va. Code § 13.1-1040.1(5)(a) and/or (b) and/or (c), it will not be reasonably practicable to carry on the business of the Company in conformity with the parties' agreement.

WHEREFORE, only if Ms. Gunkova is not removed as a member pursuant to Va. Code § 13.1-1040.1(5)(a) and/or (b) and/or (c), Harry Kamin respectfully requests this Court enter

judgment in favor of Harry Kamin and against Valeria Gunkova, judicially dissolving the Company pursuant to Va. Code § 13.1-1047, and any other relief this Court deems just and proper.

**COUNT XI: CONSPIRACY**
**(on behalf of Mr. Kamin against Defendants Gunkova, Bogatin, and ARIA only)**

117. The allegations contained in Paragraphs 1 through 116 above are incorporated by reference as if fully set forth herein.

118. Beginning in 2019, Defendants Ms. Gunkova, individually and on behalf of ARIA, and Mr. Bogatin engaged in discussions to purchase the Building. Knowing that they would be unable to accomplish the purchase alone, Ms. Gunkova and Mr. Bogatin agreed to obtain a new partner in order to accomplish the purchase under false pretenses that the new partner was an equal member and co-manager of the Company.

119. Ms. Gunkova and Mr. Bogatin agreed to and did work together to lure in a new partner. Mr. Bogatin served as the point person for communication, and Ms. Gunkova portrayed herself as a successful businesswoman and fair partner for any potential candidate. Ms. Gunkova and Mr. Bogatin agreed to and did represent to Mr. Kamin that Mr. Kamin would be made a 50% Class A Member and Manager of BNG if he provided a payment for the purchase of his membership interest. Mr. Bogatin and Ms. Gunkova represented that as Manager, Mr. Kamin would have full access to all Company bank accounts and that no decisions with regards to the Company would be made without Mr. Kamin's approval.

120. Once they had Mr. Kamin on board to join BNG and after they convinced Mr. Kamin to provide millions of dollars to them purporting to be for the benefit of BNG, Ms. Gunkova, individually and on behalf of ARIA, and Mr. Bogatin worked together to create and

use numerous email addresses without Mr. Kamin's knowledge or consent to portray thousands of emails sent by Ms. Gunkova and Mr. Bogatin as coming from Mr. Kamin.

121. Ms. Gunkova, individually and on behalf of ARIA, and Mr. Bogatin worked together to obtain Mr. Kamin's personal identifiers and financial records with the intent to use Mr. Kamin's information to apply for and obtain fraudulent loans from the Small Business Administration and numerous financial institutions without Mr. Kamin's knowledge or consent.

122. Ms. Gunkova, individually and on behalf of ARIA, and Mr. Bogatin worked together to forge Mr. Kamin's signature and fabricate no less than fifty (50) documents to apply for and obtain fraudulent loans from the Small Business Administration and numerous financial institutions without Mr. Kamin's knowledge or consent, including falsely representing that Mr. Kamin was a member or had any involvement with ARIA.

123. As a result of the conspiracy agreed to and carried out by Ms. Gunkova, individually and on behalf of ARIA, and Mr. Bogatin, Mr. Kamin has been damaged in an amount no less than $4,773,842.78.

WHEREFORE, Plaintiff Harry Kamin respectfully requests this Court enter judgment in favor of Harry Kamin and against Valeria Gunkova, Jacob Bogatin, and Skin Logic LLC, jointly and severally, in the amount of $4,773,842.78, plus prejudgment interest, treble damages totaling no less than $14,321,528.34, attorneys' fees, and costs, and any other relief this Court deems just and proper.

**COUNT XII: FRAUD**
**(on behalf of Mr. Kamin against Defendants Gunkova, Bogatin, and ARIA only)**

124. The allegations contained in Paragraphs 1 through 123 above are incorporated by reference as if fully set forth herein.