# EXHIBIT H

**VIRGINIA:**

**IN THE CIRCUIT COURT OF LOUDOUN COUNTY**

| | |
|---|---|
| HARRY KAMIN,<br><br>Plaintiff,<br><br>v.<br><br>VALERIA GUNKOVA,<br><br>Defendant. | CIVIL ACTION NO. CL-21-1557<br><br>**JURY TRIAL DEMANDED** |

**ANSWER OF VALERIA GUNKOVA TO THIRD AMENDED COMPLAINT**

COMES NOW Defendant Valeria Gunkova, by counsel, and files this Answer to the Third Amended Complaint, stating as follows:[1]

**JURISDICTION AND VENUE**

1. This is a legal conclusion to which no answer is required and is otherwise denied.

2. This is a legal conclusion to which no answer is required, is denied as vague and is otherwise denied.

3. This is a legal conclusion to which no answer is required and is otherwise denied.

**PARTIES**

4. Admitted.

5. Ms. Gunkova admits that Mr. Kamin is a resident of the state of Florida. The second sentence is denied. The third sentence is denied.

[1] The paragraph numbering throughout this Answer corresponds with the numbered paragraphs in the Third Amended Complaint.

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898 FAX 703.273.8897
Cameron McEvoy PLLC

6. The first sentence is admitted. The second sentence is denied as phrased. The third sentence is denied. The fourth sentence is admitted. The fifth sentence is admitted. The sixth sentence is denied as phrased.

7. The first sentence is admitted. The second sentence is denied as phrased.

8. Admitted only that Skin Logic, LLC is a Virginia LLC and as to the alleged principal place of business and is otherwise denied.

9. Denied.

10. Admitted.

## STATEMENT OF FACTS

11. Admitted only that Skin Logic, LLC was formed in 2010 and otherwise denied.

12. Paragraph 12 refers to a docnment which speaks for itself. To the extent any of the allegations of Paragraph 12 contradict the referenced document the allegations are denied.

13. Paragraph 13 refers to a document which speaks for itself. To the extent any of the allegations of Paragraph 13 contradict the referenced document the allegations are denied.

14. Paragraph 14 refers to a document which speaks for itself. To the extent any of the allegations of Paragraph 14 contradict the referenced document the allegations are denied.

15. Paragraph 15 refers to a document which speaks for itself. To the extent any of the allegations of Paragraph 15 contradict the referenced document the allegations are denied.

16. Admitted.

17. Denied as phrased.

18. Denied as phrased and otherwise denied.

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
703.273.8898 703.273.8897
Cameron / McEvoy PLLC

19. The first sentence is denied as phrased. The second sentence is denied for lack of sufficient information. Footnote 1 is denied for lack of sufficient information to admit or deny. The third sentence is denied as phrased.

20. The first sentence is admitted. The second sentence is denied.

21. The first sentence is denied as phrased. The second sentence is denied for lack of sufficient information to admit or deny.

22. Denied.

23. Denied.

24. The first sentence is admitted. The second sentence refers to a document which speaks for itself. To the extent any of the allegations of the second sentence contradict the referenced document the allegations are denied. The third sentence is denied as phrased. The fourth sentence is denied as phrased.

25. The first sentence is admitted. The second sentence is admitted only that Defendant Jacob Bogatin introduced Plaintiff Harry Kamin to Ms. Gunkova and is otherwise denied. The third and fourth sentences are denied for lack of sufficient information to admit or deny.

26. Ms. Gunkova admits that during his visit to Virginia in March 2020, Mr. Kamin expressed his desire to become an owner of BNG and during March of 2020, Mr. Kamin provided two checks for $25,000 as partial payment towards a membership interest in BNG. Ms. Gunkova denies the remaining allegations contained in Paragraph 26 of the Third Amended Complaint.

27. Entirely denied for lack of sufficient information to admit or deny.

28. Ms. Gunkova admits that during his visit in May 2020, Mr. Kamin provided two additional checks to BNG each in the amount of $135,000, however those checks were not loans,

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
703.273.8898 703.273.8897
Cameron McEvoy PLLC

but rather further payments towards an ownership interest in BNG. Ms. Gunkova denies the remaining allegations contained in Paragraph 28 of the Third Amended Complaint.

29. Ms. Gunkova admits that Mr. Kamin travelled to Virginia again in May of 2020 to visit the Property and to review records of BNG and the Property. Ms. Gunkova denies the remaining allegations contained in Paragraph 29 of the Third Amended Complaint.

30. Admitted.

31. Denied.

32. Ms. Gunkova admits that on October 30, 2020, BNG closed on the purchase of the Property for a total price of $9,500,000. Ms. Gunkova further admits that as of the time of that closing, Mr. Kamin was a 50% Class B owner of BNG (with Class B being the portion of BNG that owns the Property). Ms. Gunkova further admits that as of the time of the closing, Mr. Kamin was also a 20% owner of the Class A shares of BNG (with Class A representing other business opportunities BNG may pursue outside of owning the Property). Ms. Gunkova denies the remaining allegations contained in Paragraph 32 of the Third Amended Complaint.

33. Denied.

34. Ms. Gunkova admits that in early January 2021, she and Mr. Bogatin prepared several binders of documents for Mr. Kamin, at his request. Ms. Gunkova denies the remaining allegations of Paragraph 34 of the Third Amended Complaint and its subparts.

35. Denied.

36. Denied for lack of sufficient information to admit or deny.

37. Denied for lack of sufficient information to admit or deny.

38. The first sentence is admitted. The second and third sentences are denied for lack of sufficient information to admit or deny. The fourth sentence is denied.

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
703.273.8898 703.273.8897
Cameron / McEvoy PLLC

39. Admitted.

40. Admitted.

41. Denied for lack of sufficient information to admit or deny.

42. Denied for lack of sufficient information to admit or deny.

43. Admitted only that the Florida Deal did not close and otherwise denied for lack of sufficient information to admit or deny.

44. Denied.

45. Denied for lack of sufficient information to admit or deny.

46. The first sentence is denied for lack of sufficient information to admit or deny. The second and third sentences are denied. The fourth sentence is denied for lack of sufficient information to admit or deny.

47. Denied.

48. The first sentence is denied as phrased. The second sentence is admitted only that Ms. Gunkova received the letter in Exhibit H on February 10, 2021 and is otherwise denied.

49. Denied.

50. The first sentence is denied as phrased. In multiple court filings (including this document) and communications with counsel for Mr. Kamin, Ms. Gunkova has admitted that Mr. Kamin is a ***50% Class B member*** of BNG – and since functionally all of BNG's operations fall into its Class B interests, Mr. Kamin is effectively a 50% member of BNG. Ms. Gunkova denies the remaining allegations contained in Paragraph 50 of the Third Amended Complaint.

51. Ms. Gunkova admits that the original 2020 tax return indicated that Mr. Kamin was only a 20% member in BNG. After Mr. Kamin pointed out this error, Ms. Gunkova directed that the return be corrected to show the correct ownership percentage of 50% as detailed above. Ms.

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
703.273.8898 703.273.8897
Cameron McEvoy PLLC

Gunkova denies the remaining allegations contained in Paragraph 51 of the Third Amended Complaint.

52. The first sentence is admitted. The second sentence is denied.

53. Denied.

54. Denied as phrased.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

**COUNT I: SPECIFIC PERFORMANCE**
**(on behalf of Mr. Kamin against Defendant Gunkova only)**

64. The answers contained in Paragraphs 1 through 63 above are incorporated by reference as if fully set forth herein.

65. This is a legal conclusion to which no answer is required and is otherwise denied.

66. This is a legal conclusion to which no answer is required and is otherwise denied.

67. This is a legal conclusion to which no answer is required and is otherwise denied.

68. This is a legal conclusion to which no answer is required and is otherwise denied.

a. The request for relief in the un-numbered "wherefore" clause, and the allegations contained therein, are denied.



4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
703.273.8898 703.273.8897

Cameron / McEvoy PLLC

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
703.273.8898 703.273.8897
Cameron McEvoy PLLC

**COUNT II: DECLARATORY JUDGMENT**
**(on behalf of Mr. Kamin against Defendant Gunkova only)**

69. The answers contained in Paragraphs 1 through 60 above are incorporated by reference as if fully set forth herein.

70. Denied for lack of sufficient information to admit or deny.

71. Denied as phrased.

72. This is a legal conclusion to which no answer is required and is otherwise denied.

a. The request for relief in the un-numbered "wherefore" clause, and the allegations contained therein, are denied.

**COUNT III: BREACH OF CONTRACT**
**(on behalf of Mr. Kamin against Defendant Gunkova only)**

73. The answers contained in Paragraphs 1 through 72 above are incorporated by reference as if fully set forth herein.

74. This is a legal conclusion to which no answer is required and is otherwise denied.

75. This is a legal conclusion to which no answer is required and is otherwise denied.

76. This is a legal conclusion to which no answer is required and is otherwise denied.

77. This is a legal conclusion to which no answer is required and is otherwise denied.

78. This is a legal conclusion to which no answer is required and is otherwise denied.

a. The request for relief in the un-numbered "wherefore" clause, and the allegations contained therein, are denied.

**COUNT IV: BREACH OF FIDUCIARY DUTY**
**(Derivatively on behalf of BNG against Defendant Gunkova only)**

79. The answers contained in Paragraphs 1 through 78 above are incorporated by reference as if fully set forth herein.

80. This is a legal conclusion to which no answer is required and is otherwise denied.

81. This is a legal conclusion to which no answer is required and is otherwise denied.

82. This is a legal conclusion to which no answer is required and is otherwise denied.

83. This is a legal conclusion to which no answer is required and is otherwise denied.

a. The request for relief in the un-numbered "wherefore" clause, and the allegations contained therein, are denied.

**COUNT V: FRAUDULENT INDUCEMENT**
**(on behalf of Mr. Kamin against Defendants Gunkova and Bogatin only)**

84. The answers contained in Paragraphs 1 through 83 above are incorporated by reference as if fully set forth herein.

85. This is a legal conclusion to which no answer is required and is otherwise denied.

86. This is a legal conclusion to which no answer is required and is otherwise denied.

87. This is a legal conclusion to which no answer is required and is otherwise denied.

88. This is a legal conclusion to which no answer is required and is otherwise denied.

89. This is a legal conclusion to which no answer is required and is otherwise denied.

90. This is a legal conclusion to which no answer is required and is otherwise denied.

a. The request for relief in the un-numbered "wherefore" clause, and the allegations contained therein, are denied.

**COUNT VI: CONVERSION**
**(Derivatively on behalf of BNG against Defendants Ms. Gunkova, Mr. Bogatin, ARIA, VNJ, and Sterling Investment)**

91. The answers contained in Paragraphs 1 through 90 above are incorporated by reference as if fully set forth herein.

92. This is a legal conclusion to which no answer is required and is otherwise denied.

93. This is a legal conclusion to which no answer is required and is otherwise denied.

94. This is a legal conclusion to which no answer is required and is otherwise denied.



4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
703.273.8898 703.273.8897
Cameron McEvoy PLLC

95. This is a legal conclusion to which no answer is required and is otherwise denied.

96. This is a legal conclusion to which no answer is required and is otherwise denied.

97. This is a legal conclusion to which no answer is required and is otherwise denied.

98. This is a legal conclusion to which no answer is required and is otherwise denied.

99. This is a legal conclusion to which no answer is required and is otherwise denied.

a. The request for relief in the un-numbered "wherefore" clause, and the allegations contained therein, are denied.

**COUNT VII: JUDICIAL EXPULSION PURSUANT TO VA. CODE § 13.1-1040.1(5)(a)**
**(on behalf of Mr. Kamin against Defendant Gunkova only)**

100. The answers contained in Paragraphs 1 through 99 above are incorporated by reference as if fully set forth herein.

101. Denied.

102. This is a legal conclusion to which no answer is required and is otherwise denied.

103. This is a legal conclusion to which no answer is required and is otherwise denied.

a. The request for relief in the un-numbered "wherefore" clause, and the allegations contained therein, are denied.

**COUNT VIII: JUDICIAL EXPULSION PURSUANT TO VA. CODE § 13.1-1040.1(5)(b)**
**(on behalf of Mr. Kamin against Defendant Gunkova only)**

104. The answers contained in Paragraphs 1 through 103 above are incorporated by reference as if fully set forth herein.

105. Denied.

106. This is a legal conclusion to which no answer is required and is otherwise denied.

a. The request for relief in the un-numbered "wherefore" clause, and the allegations contained therein, are denied.

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
703.273.8898 703.273.8897
Cameron / McEvoy PLLC

**COUNT IX: JUDICIAL EXPULSION PURSUANT TO VA. CODE § 13.1-1040.1(5)(c)**
**(on behalf of Mr. Kamin against Defendant Gunkova only)**

107. The answers contained in Paragraphs 1 through 106 above are incorporated by reference as if fully set forth herein.

108. Denied.

109. This is a legal conclusion to which no answer is required and is otherwise denied.

a. The request for relief in the un-numbered "wherefore" clause, and the allegations contained therein, are denied.

**COUNT X: DISSOLUTION**
**(in the alternative to Counts VII, VIII and IX above)**
**(on behalf of Mr. Kamin against Defendant Gunkova only)**

110. The answers contained in Paragraphs 1 through 109 above are incorporated by reference as if fully set forth herein.

111. Denied.

112. This is a legal conclusion to which no answer is required and is otherwise denied.

113. Denied.

114. Denied as phrased.

115. Denied as phrased.

116. Admitted only that it is not reasonably practicable to carry on the business of the Company with Plaintiff Harry Kamin as a member and otherwise denied.

a. The request for relief in the un-numbered "wherefore" clause, and the allegations contained therein, are denied.

Cameron / McEvoy PLLC
4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
703.273.8898 703.273.8897

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
703.273.8898 703.273.8897

Cameron/McEvoy PLLC

**COUNT XI: CONSPIRACY**
**(on behalf of Mr. Kamin against Defendants Gunkova, Bogatin, and ARIA only)**

117. The answers contained in Paragraphs 1 through 116 above are incorporated by reference as if fully set forth herein.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. This is a legal conclusion to which no answer is required and is otherwise denied.

a. The request for relief in the un-numbered "wherefore" clause, and the allegations contained therein, are denied.

**COUNT XII: FRAUD**
**(on behalf of Mr. Kamin against Defendants Gunkova, Bogatin and ARIA only)**

124. The answers contained in Paragraphs 1 through 123 above are incorporated by reference as if fully set forth herein.

125. Denied.

126. This is a legal conclusion to which no answer is required and is otherwise denied.

127. Denied as phrased.

128. This is a legal conclusion to which no answer is required and is otherwise denied.

a. The request for relief in the un-numbered "wherefore" clause, and the allegations contained therein, are denied.

**COUNT XIII: FRAUDULENT CONVEYANCE PURSUANT TO VA. CODE § 55.1-400 (on behalf of Mr. Kamin against Defendant Gunkova as Grantor and against Defendants Bogatin and ARIA as Grantees)**

129. The answers contained in Paragraphs 1 through 128 above are incorporated by reference as if fully set forth herein.

130. This is a legal conclusion to which no answer is required and is otherwise denied.

131. This is a legal conclusion to which no answer is required and is otherwise denied.

132. Denied as phrased.

133. Denied.

134. This is a legal conclusion to which no answer is required and is otherwise denied.

135. This is a legal conclusion to which no answer is required and is otherwise denied.

136. This is a legal conclusion to which no answer is required and is otherwise denied.

a. The request for relief in the un-numbered "wherefore" clause, and the allegations contained therein, are denied.

**COUNT XIV: IMPROPER CONVEYANCE PURSUANT TO VA. CODE § 55.1-401 (on behalf of Mr. Kamin against Defendant Gunkova as Grantor and against Defendants Bogatin and ARIA as Grantees)**

137. The answers contained in Paragraphs 1 through 136 above are incorporated by reference as if fully set forth herein.

138. This is a legal conclusion to which no answer is required and is otherwise denied.

139. This is a legal conclusion to which no answer is required and is otherwise denied.

140. Denied as phrased.

141. Denied.

142. This is a legal conclusion to which no answer is required and is otherwise denied.

143. This is a legal conclusion to which no answer is required and is otherwise denied.

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
703.273.8898 703.273.8897
Cameron / McEvoy PLLC

144. This is a legal conclusion to which no answer is required and is otherwise denied.

145. This is a legal conclusion to which no answer is required and is otherwise denied.

a. The request for relief in the un-numbered "wherefore" clause, and the allegations contained therein, are denied.

**COUNT XV: DECLARATORY JUDGMENT**
**(on behalf of Mr. Kamin against Defendants Gunkova, Bogatin, and Sterling Investment only)**

146. The answers contained in Paragraphs 1 through 145 above are incorporated by reference as if fully set forth herein.

147. Denied.

148. Admitted.

149. Denied for lack of sufficient information to admit or deny.

150. Denied.

151. This is a legal conclusion to which no answer is required and is otherwise denied.

a. The request for relief in the un-numbered "wherefore" clause, and the allegations contained therein, are denied.

**COUNT XVI: BREACH OF LEASE CONTRACT**
**(Derivatively on behalf of BNG against Defendant ARIA only)**

152. Ms. Gunkova is not a party to this claim and is not obligated to answer it but states that the answers contained in Paragraphs 1 through 151 above are incorporated by reference as if fully set forth herein.

153. Ms. Gunkova is not a party to this claim and is not obligated to answer it and this allegation is otherwise denied.

154. Ms. Gunkova is not a party to this claim and is not obligated to answer it and this allegation is otherwise denied.

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
703.273.8898 703.273.8897
Cameron McEvoy PLLC

155. Ms. Gunkova is not a party to this claim and is not obligated to answer it and this allegation is otherwise denied.

156. Ms. Gunkova is not a party to this claim and is not obligated to answer it and this allegation is otherwise denied.

157. Ms. Gunkova is not a party to this claim and is not obligated to answer it and this allegation is otherwise denied.

158. Ms. Gunkova is not a party to this claim and is not obligated to answer it and this allegation is otherwise denied.

159. Ms. Gunkova is not a party to this claim and is not obligated to answer it and this allegation is otherwise denied.

a. The request for relief in the un-numbered "wherefore" clause, and the allegations contained therein, are denied.

160. To the extent a separate response is required as to any *ad damnum* clause within the Third Amended Complaint, Defendant denies that Plaintiff is entitled to the relief/damages requested.

161. To the extent required, any and all allegations contained in any headings in Plaintiff's Third Amended Complaint are denied.

162. All allegations not expressly admitted herein are denied.

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
703.273.8898 703.273.8897
Cameron / McEvoy PLLC

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
703.273.8898 703.273.8897
Cameron / McEvoy PLLC

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff seeks equitable relief by way of specific performance and/or declaratory judgment yet such equitable relief is not available if there are adequate remedies available at law, which Plaintiff alleges exist.

3. Plaintiff pursues a claim for "specific performance" yet specific performance is a remedy, not a cause of action.

4. Plaintiff's claims have fully matured such that declaratory relief is not appropriate in any event.

5. Plaintiff's claims are barred, in whole or in part, by Plaintiff's first material breach.

6. Plaintiff's claims are barred, in whole or in part, due to a lack of standing to the extent any claim seeks damages for Mr. Kamin personally on any injury to the corporate entity.

7. Plaintiff's claims are barred, in whole or in part, by failure to satisfy necessary conditions precedent.

8. Plaintiff's claims are barred, in whole or in part, in that Plaintiff has failed to provide the requisite written demand under Virginia law, including Virginia Code § 13.1-1042, in order to maintain a derivative claim.

9. Plaintiff's claims are barred, in whole or in part, because Defendant substantially performed any required obligations under the applicable governing documents.

10. Plaintiff cannot enforce an oral agreement when a governing written agreement exists, particularly when an integration clause exists.

11. Plaintiff's breaches and/or failure to comply with governing documents entitles Defendant to recover the attorney's fees and costs expended as a result of this matter under the

terms of any corporate documents (*see, e.g.*, Section 9 of Exhibit A to Ms. Gunkova's Counterclaim in this matter).

12. Defendant is entitled to attorney's fees and costs under Virginia Code § 13.1-1045.

13. Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and/or *in pari delicto*.

14. Plaintiff's claims are barred, in whole or in part, by the doctrines of setoff, offset and/or recoupment.

15. Plaintiff's claims are barred, in whole or in part, by the doctrines of betterment and/or added benefit.

16. Plaintiff's claims are barred, in whole or in part, by the doctrines of consent, waiver and/or estoppel.

17. Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

18. Plaintiff's claims are barred, in whole or in part, under the source of duty rule.

19. Plaintiff's claims are barred, in whole or in part, because there is no cause of action for conversion of money.

20. Plaintiff's claims are barred, in whole or in part, by the intra-corporate immunity doctrine.

21. Plaintiff's claims are barred, in whole or in part, by the terms of the Operating Agreement.

22. Plaintiff is not entitled to recover the damages it seeks, including but not limited to punitive damages, treble damages, attorney's fees, and/or statutory damages.

23. Plaintiff's claims are barred, in whole or in part, by his own breach, acts, and/or conduct, which was the proximate cause of all or part of any damages.

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
703.273.8898 703.273.8897
Cameron McEvoy PLLC

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
703.273.8898 703.273.8897
Cameron / McEvoy PLLC

24. Plaintiff's claims are barred, in whole or in part, by a failure to mitigate any damages.

25. Plaintiff's claims are barred, in whole or in part, by the statute of limitations and/or laches.

26. Plaintiff's claims are barred, in whole or in part, in that fraud cannot be premised on the reliance of third parties.

27. Plaintiff's claims are barred, in whole or in part, by the business judgment rule.

28. Plaintiff's claims are barred, in whole or in part, by the doctrines of frustration of purpose, impossibility, and/or prevention.

29. Defendant reserves tbe right to add additional affirmative and/or separate defenses as they may become apparent up to and including trial in this lawsuit.

30. Defendant reserves the right to file any further responsive pleading and/or supplement this Answer as a result of the Motion *Craving Oyer* filed contemporaneously with this Answer.

WHEREFORE Defendant Valeria Gunkova prays this Court dismiss the Complaint, with prejudice, award Defendant her attorney's fees and costs as detailed above in the Affirmative and Other Defenses, award such relief as otherwise requested by way of the separately filed Counterclaim filed by Ms. Gunkova (with such Counterclaim restated and incorporated herein by reference), and award such other and further relief as justice and equity may require.

**DEMAND FOR JURY TRIAL**

As allowed by law and/or tbe Rules of this Court, Defendant, by counsel, respectfully requests a trial by jury on all triable issues in this matter.

Dated: July 7, 2023

Respectfully Submitted,

VALERIA GUNKOVA
By Counsel

Sean Patrick Roche, Esq. (VSB No. 71412)
Richard G. Cole III, Esq. (VSB No. 93440)
CAMERON/MCEVOY PLLC
4100 Monument Corner Drive, Suite 420
Fairfax, Virginia 22030
Tel: (703) 273-8898
Fax: (703) 273-8897
sroche@cameronmcevoy.com
rcole@cameronmcevoy.com
*Counsel for Defendant Valeria Gunkova*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of July 2023, I caused a true copy of the foregoing to be served by electronic mail (by agreement of the parties) on:

Bethany R. Benes, Esq. (VSB No. 85408)
BETHUNE BENES, PLLC
3975 Fair Ridge Drive
South Suite 246
Fairfax, Virginia 22033
Tel: 703-260-9322
bbenes@bethunebenes.com
*Counsel for Plaintiff*

Sean Patrick Roche, Esq. (VSB No. 71412)



4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
703.273.8898 703.273.8897
Cameron/McEvoy PLLC